In re John A. & Tracy Ann
MISENER, Debtor.

Brian R. WELSH, Plaintiff,

v.

John A. MISENER, Defendant.

Bankruptcy No. 97–16224 B.

Adversary No. 97–1359 B.

United States Bankruptcy Court,
W.D. New York.

Sept. 30, 1998.

Siegel, Kelleher & Kahn, Buffalo, NY, Gregory J. Stewart, of counsel, for Plaintiff.

William J. Neild, Rochester, NY, for Defendant.

CARL L. BUCKI, Bankruptcy Judge.

Brian R. Welsh is an attorney who represented Mary Jo Lewis in a paternity and support proceeding against John Misener, the debtor herein. In that pre-petition proceeding, the Family Court for New York State twice directed Misener to pay the legal fees of Mr. Welsh and ordered the entry of money judgments for the amount of those charges. After Misener filed a petition for relief under Chapter 7 of the Bankruptcy Code, Welsh commenced the present adversary proceeding under 11 U.S.C. § 523(a)(5) and (15) to determine the dischargeability of his claim as an obligation in the nature of support. At the time of the filing of the complaint, Welsh asserted that his action did not require the payment of any filing fee. Misener has now failed to answer, and Welsh seeks the entry of a default judgment. To resolve uncertainty regarding the status of this adversary proceeding, Welsh also moves for a waiver of the filing fee.

Section 304(g) of the Bankruptcy Reform Act of 1994 provides that "[c]hild support creditors or their representatives shall be permitted to appear and intervene without charge ... in any bankruptcy court or district court of the United States if such creditors or representatives file a form in such court that contains information detailing the child support debt, its status, and other characteristics." Pub.L. No. 103–394, § 304(g), 108 Stat. 4106, 4134 (1994). Consistent with this requirement, the Judicial Conference of the United States amended the Bankruptcy Court Fee Schedule to provide that no fee is required for the filing of an adversary proceeding in which "a child support creditor or its representative is the plaintiff, and if such plaintiff files the form required by § 304(g) of the Bankruptcy Reform Act of 1994." 28

U.S.C.A. app. § 1930, at 61–62 (West Supp. 1998) (Judicial Conference Schedule of Fees, ¶ (6)). In the present instance, Brian R. Welsh filed the necessary form with one modification, namely that his certification of being a child support creditor or representative was "upon information and belief."

In its decision in *In re Spong*, the Court of Appeals for the Second Circuit acknowledged that counsel fees may properly be included "within the definition of alimony, maintenance, and support." 661 F.2d 6, 9 (1981). The non-dischargeable status of a legal fee is to be determined by its underlying character, not by whether it is to be paid directly to counsel or by way of reimbursement. The underlying premise of the plaintiff's cause of action is that his claim for legal fees should be treated as a support obligation. If this allegation is correct, then under the *Spong* rationale, Welsh must be classified as a child support creditor. Otherwise, there would exist no possible cause of action under section 523(a).

Upon the filing of an adversary proceeding, the Clerk of this Court lacks any basis to presume the outcome of the litigation. In collecting fees, therefore, the Clerk must accept as true the allegations that the plaintiff has recited in the complaint. Having alleged that his legal fees are in the nature of support and having filed the statement required by section 304(g), Welsh is to be treated as someone who claims the status of a child support obligee. Accordingly, he is eligible for a waiver of the customary fee for the filing of his complaint. Such a waiver has no bearing on the ultimate resolution of the merits of his claim. In this instance, however, Welsh has established the defendant's default, and is therefore entitled to judgment in his favor.[1]

So Ordered.

---

1. Because judgment is rendered in Welsh's favor, the Court need not now decide whether a filing fee might later be assessed in those cases in which the Court determines that the purported creditor does not hold the status of a child support obligee.